UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60147-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,

v.

CARLOS NAVAS,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and CARLOS NAVAS (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges the defendant did, on or about March 28, 2008, knowingly and intentionally import into the United States from a place outside thereof, controlled substances, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963. Pursuant to Title 21, United States Code, Section 960(b)(2)(A), it is further alleged that the one of the controlled substance imported involved one hundred (100) grams or more of a mixture and substance containing a detectable amount of heroin. Furthermore, pursuant to Title 21, United States Code, Section 960(b)(3), it is further alleged that the other controlled substance imported involved a mixture and substance containing a detectable amount of cocaine. The Government agrees to dismiss Count 2 of the Indictment at sentencing.

2.      The defendant and the United States agree and stipulate that 375.51 grams of heroin and 191.5 grams of cocaine are the amounts that should be used to determine the base offense level applicable to the offense of conviction.

3.      The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one (1) and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant understands and agrees that the court must for the importation of heroin offense of conviction impose a mandatory minimum term of imprisonment of five (5) years, and may

impose a statutory maximum term of up to forty (40) years' imprisonment, followed by a term of at least four (4) years' supervised release and may impose a fine of up to $5,000,000.00. Furthermore, the defendant understands and agrees that the court may for the importation of cocaine offense of conviction impose a statutory maximum term of up to twenty (20) years' imprisonment, followed by a term of at least three (3) years' supervised release and may impose a fine of up to $250,000.00.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph four (4) of this agreement, a special assessment in the amount of $100.00 will be imposed and must be paid prior to sentencing in this matter.

6. The United States agrees that it will recommend at sentencing that the court reduce by three (3) levels the offense level applicable to the defendant's offense if the defendant makes a timely recognition and affirmative acceptance of personal responsibility, pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the United States will not be required to make this recommendation should the defendant: (1) fail or refuse to make a full, accurate and complete disclosure of the circumstances surrounding the relevant offense conduct; (2) misrepresent facts to the government prior to entering the plea agreement; or (3) commit any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the

probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, that he may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements or understandings between the parties.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/8/12

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

Date: 8/8/12

By: _____
DARYL WILCOX
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 8/8/12

By: _____
CARLOS NAVAS
DEFENDANT