UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CR-60147-DIMITROULEAS

UNITED STATES OF AMERICA,

vs.

CARLOS NAVAS,

        Defendant.
_____/

## STIPULATED FACTUAL PROFFER FOR GUILTY PLEA

The United States of America, by and through the undersigned Assistant United States Attorney, and the Defendant, personally and through his attorney, hereby submit this stipulated factual proffer to establish the Defendant's guilt of the charges set forth in Count 1 of the Indictment:

1. Carlos NAVAS ("NAVAS") arrived on June 7, 2012 at the Fort Lauderdale International Airport aboard Spirit Airlines Flight number NK-946 from Cartagena, Colombia. NAVAS presented himself and his baggage to the United States Customs and Border Protection and was referred for a secondary inspection. During the secondary inspection, NAVAS signed a written consent to an x-ray examination because he was suspected to be an internal carrier or swallower of narcotics. While waiting for the x-ray examination, NAVAS told a Customs and Border Protection officer that he had swallowed a total of 50 pellets of cocaine and heroin. NAVAS was hospitalized after an x-ray examination confirmed the presence of foreign objects in NAVAS' digestive system. While hospitalized, NAVAS received methadone to treat his addiction to heroin. NAVAS remained hospitalized until June 12, 2012 when he was discharged after passing a total of 57 pellets that field tested positive-26 pellets of cocaine and 31 pellets of heroin.

2. After his discharge from the hospital, NAVAS was advised of his *Miranda* rights and agreed to answer questions. NAVAS admitted traveling to Colombia to swallow pellets to transport to New York. NAVAS stated that he intended to import pellets of heroin because the payment received was greater than importing cocaine pellets.

NAVAS said he was upset when he learned that the pellets he was to import from Colombia to New York included some pellets of cocaine. NAVAS expected to import 100 pellets but stopped at 57 pellets because he could ingest no more. NAVAS stated his payment for importing 100 pellets of heroin would be $15,000.00.

3. A DEA forensic chemist has analyzed the pellets defecated by NAVAS and found the same to contain 375.51 grams of heroin and 191.5 grams of cocaine.

4. All of the foregoing happened in Broward County, which is a part of the Southern District of Florida.

5. By his signature below, the defendant verifies that:

   A) he has read and understood the foregoing;

   B) the stipulated factual record is true and correct;

   C) he signs this document freely and voluntarily after he has received the advice of his counsel.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/8/12

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

Date: 8/8/12

By: _____
DARYL WILCOX
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 8/8/12

By: _____
CARLOS NAVAS
DEFENDANT